**U.S. Department of Justice**
Civil Division
950 Pennsylvania Ave NW
Washington, DC 20530

Tel: 202-616-4171

VIA CM/ECF

September 11, 2026

Christopher M. Wolpert, Clerk
United States Court of Appeals for the Tenth Circuit
Byron White Courthouse
1823 Stout Street
Denver, CO 80257

RE: *Dolan/Lands v. FEMA*, No. 25-2102, 25-2103 (10th Cir.)

Dear Mr. Wolpert:

On March 10, the government filed an unopposed motion to expedite this case. We explained that expedition was warranted because the *Lands* plaintiffs had sought to compel FEMA to begin arbitration proceedings in which they would seek noneconomic damages. Because arbitration awards are "binding" and potentially unreviewable, *see* Hermit's Peak Act § 104(h)(3)(C), we sought expedition of this case to obtain clarity on the categories of allowable damages before any arbitration were to begin. The Court granted the motion in part, as to the briefing schedule, and otherwise referred it to the merits panel.

Because our request for an expedited ruling remains pending, we file this letter to apprise the Court of a development that underscores the time-sensitivity of a ruling. In July, the district court issued a preliminary injunction in *Arellano v. FEMA*, No. 1:26-cv-00221-KG-JFR (D.N.M. July 16, 2026), Dkt. 50, ordering FEMA to begin the arbitration process for Marianna Lands's claims—which seek noneconomic damages—by September 1, 2026. Lands is a lead plaintiff in this appeal and her request for noneconomic damages is nontrivial. She sought $10 million in noneconomic damages in her notice of arbitration, which is double the $5 million she requested in her FEMA administrative claim. *Arellano*, Dkts. 57, 64; *see also* Dkt. 57 (Lands sought $2.4 million in other damages). The

government has moved to modify the preliminary injunction to, among other things, defer arbitration of Lands's noneconomic-damages claim until this Court has decided whether the Act provides for noneconomic damages. Dkt. 57. But Lands opposed that motion, Dkt. 64, and it remains pending in district court.

FEMA reached out to commence the arbitration process in late August. Our understanding is that there were scheduling conflicts on both sides, and arbitration is now tentatively scheduled for November 2026, though conversations are ongoing. *Arellano*, Dkts. 68-2, 72. Unless the *Arellano* district court grants our motion to modify the preliminary injunction so as to defer arbitration of Lands's noneconomic-damages claims until after this Court decides this case, any award of noneconomic damages to Lands could be issued by the arbitrator and could thereafter be unreviewable.

Sincerely,

Daniel Winik

/s/ *Caroline Tan*
Caroline W. Tan
Attorneys

cc: all counsel (via CM/ECF)