Appellate Case: 25-2103 Document: 71 Date Filed: 09/14/2026 Page: 1

TOSDAL
LAW FIRM

P.O. Box 109
Ovando, Montana 59854
E: tom@tosdallaw.com
T: 858-877-0223

991 Lomas Santa Fe Drive, Suite C 439
Solana Beach, California 92075
E: info@tosdallaw.com
T: 858.407.4709

September 12, 2026

Christopher M. Wolpert, Clerk
U.S. Court of Appeals for the Tenth Circuit
Byron White Courthouse
1823 Stout Street
Denver, CO 80257

Re: *Dolan/Lands v. FEMA,* Case No. 25-2102, 25-2103

Dear Mr. Wolpert:

Counsel for Marianna Lands read with interest the letter from FEMA's counsel dated September 11, 2026. It is unclear what FEMA wants this Court to do, other than perhaps "hurry up."

The letter from FEMA's counsel omits important facts. FEMA moved for a stay of execution of the District Court's judgment, which the District Court denied in a Memorandum Opinion and Order. (Dist. Ct. Doc 105.) FEMA failed to move this Court for a stay of execution of the District Court's judgment under F.R.A.P. 18(a)(2). Failing to move for a stay in this Court, FEMA cannot now complain the Court's orderly processes are too slow for its liking.

Ms. Lands suffered a debilitating stroke on August 3, 2022, as a result of being subjected to prolonged, months long stress of fire and floods which threatened her safety and severely damaged the small farm on which she lived. Ms. Lands filed a claim with FEMA for compensation for personal injury and property damage. FEMA awarded Ms. Lands zero dollars ($0) for medical costs and noneconomic damages. FEMA refuses to discuss settlement of her claim, so it is unclear what is the reference in FEMA's letter to "conversations are ongoing."

Ms. Lands now lives with one of her daughters away from her farm. Her daughter provides what care she can while working a full time job. Ms. Lands is

now 79 years old, her health is declining rapidly, and she needs professional care her daughter is unable to provide.

FEMA has dragged its feet in every way possible to avoid facing Ms. Lands in a fair arbitration. FEMA violated the preliminary injunction issued by Judge Gonzales to begin arbitration by September 1. Arbitration is now scheduled for November 2 and 3.

A stated purpose of the Hermit's Peak Act is "to provide for the expeditious consideration and settlement of claims" for the injuries caused by the Hermit's Peak Fire. (Public Law 117-180, 136 Stat. 2168 (2022) §102(b).) Four years after the fire and floods, FEMA's request to carve out from the pending arbitration Ms. Lands' request for noneconomic damages will result in even more delay. For, if the Court affirms the judgment of the District Court, a second arbitration will have to be scheduled and conducted on noneconomic damages alone. By that time, the funds allocated by Congress to fund the Act, already 75% gone, will be exhausted.

FEMA speculates about the result of the pending arbitration. The arbitrators may or may not award noneconomic damages. They may award noneconomic damages and require the funds be held in escrow until the Court decides the appeal. They may do something else. It is not for this Court to abandon its orderly processes on the basis of FEMA's speculation.

Sincerely,



THOMAS TOSDAL

Cc All counsel (CM/ECF)